**Hisa KOVACI, Petitioner,**

v.

**Peter D. KEISLER, Attorney General,\* Respondent.**

No. 06–5776–ag.

United States Court of Appeals, Second Circuit.

Oct. 5, 2007.

---

\* Acting Attorney General Peter D. Keisler is substituted for former Attorney General Alberto Gonzales pursuant to Fed. R.App. P. 43(c)(2).

Andrew P. Johnson, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, James E. Grimes, Senior Litigation Counsel, Sarah Maloney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Hisa Kovaci, a native and citizen of Albania, seeks review of a December 4, 2006 order of the BIA affirming the August 2, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Kovaci's applications for asylum and withholding of removal. *In re Hisa Kovaci*, No. A 98 772 154 (B.I.A. Dec. 4, 2006), *aff'g* No. A 98 772 154 (Immig. Ct. N.Y. City Aug. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to review an asylum application that the IJ found to be untimely under 8 U.S.C. § 1158(a)(2)(B), except to the extent that petitioner raises constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 324 (2d Cir.2006). We find that Kovaci has not raised a constitutional claim or question of law in his petition for review, and, therefore, we dismiss his petition for review with respect to his asylum claim. We proceed to review the agency's denial of his withholding of removal and Convention Against Torture ("CAT") claims. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 180–81 (2d Cir.2006).

These claims fail because Kovaci waived any challenge to the IJ's conclusion that country conditions in Albania had changed since the Democratic Party, of which Kovaci was a member, had returned to power. A fundamental change in circumstances, such as a change in country conditions, provides an independent basis for denying claims for withholding of removal and relief under CAT. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); 8 C.F.R. § 1208.16(c)(3)(ii)–(iv). While Kovaci challenged the IJ's finding of changed country conditions in this notice of appeal to the BIA, he did not challenge it in his briefs before the BIA or raise it in his briefs to this Court. Thus, Kovaci has waived any argument challenging the IJ's finding of a change in country conditions, *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005), and that waiver is dispositive of his withholding and CAT claims, *see Hoxhallari v. Gonzales*, 468 F.3d 179, 184 (2d Cir. 2006).[1]

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. Having completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

---

1. In addition, we arguably do not have jurisdiction over Kovaci's CAT claim because Kovaci indicated before the IJ that he was not seeking CAT relief and thus, the IJ did not adjudicate such a claim. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006).